FILED

DEC 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10018 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03580-RCC |
| v. | |
| OSWALDO SANTIAGO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Oswaldo Santiago appeals his bench-trial conviction for possession of

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Santiago asserts insufficiency of the evidence.  When we review the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sufficiency of the evidence supporting a conviction, we construe the evidence in the light most favorable to the prosecution, and then determine whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (internal quotation marks omitted).

The evidence adduced at trial was sufficient to support the district court's finding that Santiago had "actual possession" of the ammunition, which satisfies the "knowing possession" requirement of section 922(g)(1). *See id.* at 1169; *see also United States v. Thongsy*, 577 F.3d 1036, 1040-41 (9th Cir. 2009) ("A defendant has actual possession of an item if the person knows of its presence *and* has physical control of it, or has the power and intention to control it.") (internal quotation marks omitted). Moreover, innocent or transitory possession is not a valid defense under section 922(g). *See United States v. Johnson*, 459 F.3d 990, 998 (9th Cir. 2006). Contrary to Santiago's claim, *Dixon v. United States*, 548 U.S. 1 (2006), does not undermine *Johnson*. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 748 (9th Cir. 2011) (a three-judge panel is bound by a prior panel decision unless its reasoning is "irreconcilable with an intervening decision by a higher court").

**AFFIRMED.**

13-10018